**UNIVERSAL DIVISION LEIGH PRODUCTS, INC., Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 77–1490.

United States Court of Appeals, Sixth Circuit.

Dec. 21, 1979.

Rehearing Denied Feb. 1, 1980.

---

Clifford C. Christenson, Thomas J. Barnes, Varnum, Riddering, Wierengo & Christenson, Grand Rapids, Mich., for petitioner.

Elliott Moore, John H. Ferguson, Deputy Associate Gen. Counsel, Dorothy H. Moore, N. L. R. B., Washington, D. C., Bernard Gottfried, Director, Region 7, N. L. R. B., Detroit, Mich., for respondent.

Before EDWARDS, Chief Judge, and MARTIN and JONES, Circuit Judges.

### ORDER

This case is before us on petition of employer, Leigh Products, Inc., to review an order of the National Labor Relations Board certifying a representation election. The employer seeks alternatively to remand the case for further consideration of the employer's election objections or for clarification of the reasons for its decision. The Board has filed a cross-application for enforcement of its order. The decision below is found at 231 N.L.R.B. 126 (1977).

A representation election was held which resulted in 82 votes cast in favor of the union, 78 against, 1 void, and 2 challenged ballots. Prior to this election an agreement stipulating voter eligibility was entered into by all parties. In spite of this agreement, a union election observer and in-plant organizer challenged 2 voters on the list; the Board agent accepted and noted the challenges on the ballots on the basis these employees were supervisory. Leigh Products objects to the conduct of the election and has refused to bargain with the union.

The union observers made no attempt to explain to the Board agent why they waited until the voting was in process to bring the matter up, nor did they offer any proof of legitimate grounds for the sudden challenges. The Board agent failed to request such an explanation or offer of proof. While we think the Board agent should have been instructed to follow the stipulated agreement, we find that the outcome of this election would not have differed by the inclusion of the two challenged votes. It is our conclusion that a new election is not warranted under the facts of this case.

Accordingly, the cross-motion of the Board to enforce is granted.